**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Orlando Cain Febles,<br><br>　　　　Petitioner,<br><br>vs.<br><br>P. Rider, et al.,<br><br>　　　　Respondents. | No. CV06-1414-PHX-SRB<br><br>**ORDER** |

Petitioner, Orlando Cain Febles, filed his Petition for Writ of Habeas Corpus on May 31, 2006 presenting three claims for relief. Petitioner argues 1) his guilty plea to Count 4 was not knowing and voluntary because he was not informed of his right to have a jury determine all facts used to aggravate his sentence; 2) his sentence is unconstitutional in light of *Apprendi v. New Jersey,* 530 U.S. 466 (2000) and *Blakely v. Washington*, 542 U.S. 296 (2004); and 3) his trial counsel was ineffective in failing to advise him of his right to a jury determination of aggravating facts used at sentencing. Respondents filed their answer urging that Petitioner's first claim, that his guilty plea was not knowing or voluntary, was time barred and this claim and his third claim of ineffective assistance of counsel were procedurally defaulted. Respondents argue that Petitioner's second claim, that his sentence is unconstitutional, should be denied on the merits because *Blakely* does not apply retroactively.

1   On February 6, 2008, the Magistrate Judge issued his Report and Recommendation. With respect to Respondents' claim that Petitioner's first claim for habeas relief is time barred, the Magistrate Judge concluded that it was timely but then in addressing the issues of procedural default as to claims one and three, found that both were procedurally defaulted as they were both raised for the first time in the habeas petition and had never been raised in any proceedings before the state court.

With respect to Petitioner's claim that his sentence is unconstitutional in light of *Apprendi* and *Blakely*, the Magistrate Judge concluded that because *Blakely* does not apply retroactively defendants sentenced in the time between the issuance of *Apprendi* and *Blakely* are limited to an interpretation of *Apprendi* as it was understood prior to the issuance of *Blakely*. Applying *Apprendi* to Petitioner's case, a consecutive aggravated sentence on Count 4 was not unconstitutional because it was a sentence within the allowable statutory maximum. The Magistrate Judge recommended that the habeas petition be dismissed.

Petitioner filed timely objections to the Report and Recommendation. Respondents did not file objections nor respond to the Petitioner's objections. With respect to the Magistrate Judge's finding that claims one and three were procedurally defaulted, Petitioner argues in his objections that there was cause and prejudice such that the procedural bar should not be applied. In support of this argument Petitioner notes that he is not trained in the law, has no access to a law library, and cannot afford counsel. What Petitioner fails to note is that he was represented by counsel at the time he filed his Petition for Post-Conviction Relief in state court. It was in this petition that he had to raise his claims in order to avoid a procedural default.

The record of the state court reflects that Petitioner filed a *pro se* Notice of Post-Conviction Relief on February 22, 2002 raising several claims. Counsel was then appointed but on July 11, 2002 filed a Notice of Completion stating that he was unable to raise any viable issues under Rule 32, Arizona Rules of Civil Procedure and, therefore, would not be filing a Petition for Post-Conviction Relief on Petitioner's behalf. Petitioner was then given additional time to file his own petition. See Exhibits O and P to Respondents' answer. As

1 noted by the Magistrate Judge, Petitioner then filed his *pro se* petition and several
2 supplements in state court.

3 In his objections to the Magistrate Judge's recommendation on the merits of his
4 second claim, Petitioner argues that his case should be analyzed under *Blakely* and not
5 *Apprendi* because he was already raising these issues before his conviction became final.
6 Petitioner asserts "[p]rior to the *Blakely* decision, Petitioner was already arguing the same
7 legal issues regarding *Apprendi* that *Blakely* decided; Petitioner did not raise them as
8 something new.  Had *Blakely* not been decided, the Petitioner would have followed through
9 with his appeals and the matter may have been called the Febles decision.  Since Petitioner
10 was already litigating the issues decided by *Blakely*, he should not be penalized because
11 *Blakely* was able to get to the Supreme Court quicker." Petitioner's Objections to the Report
12 and Recommendation p. 2-3.

13 The Court has considered the Petition, Answer, and Reply, along with the Report and
14 Recommendation of the Magistrate Judge and Petitioner's Objections.  The Court finds itself
15 in agreement with the Report and Recommendation of the Magistrate Judge and further finds
16 that Petitioner's objections are not well taken and will be overruled.

17 Petitioner does not dispute the procedural default on claims one and three. He argues
18 that he has demonstrated "cause and prejudice."  As noted in Respondents' answer, "[t]o
19 demonstrate 'cause,' a state prisoner must show that some objective factor external to the
20 prisoner or his counsel impeded efforts to comply with the state's procedural rules . . .  To
21 show 'prejudice,' a prisoner must demonstrate that the alleged constitutional violation
22 'worked to his actual and substantial disadvantage, infecting his entire trial with error of
23 constitutional dimensions.'" Answer to Petition for Writ of Habeas Corpus at p. 14-15.
24 Petitioner's arguments with respect to the limitations of his legal knowledge, his reliance
25 upon inmate assistance and the lack of a law library do not demonstrate cause and prejudice.
26  As previously noted, Petitioner had counsel in state court, both on his direct appeal and on
27 his Petition for Post-Conviction Relief.  There is no showing external to the prisoner or his
28 counsel to demonstrate that he was impeded in his efforts to comply with the state's

1  procedural rules.  Petitioner has failed to sustain his burden of showing cause and prejudice
2  to excuse his procedural default and his objections with respect to claims one and three are
3  overruled.
4      Petitioner's argument in his objections that *Blakely* should be applied to him because
5  he was making such arguments prior to the *Blakely* decision, does not change this Court's
6  view that the Magistrate Judge correctly concluded that Petitioner's sentence must be judged
7  by the standards of *Apprendi* because of the explicit ruling that *Blakely* is not to be applied
8  retroactively.  Petitioner's objections are overruled with respect to claim two.
9      IT IS ORDERED adopting the Report and Recommendation of the Magistrate Judge
10 as the order of this Court.
11     IT IS FURTHER ORDERED overruling Petitioner's objections to the Report and
12 Recommendation.
13     IT IS FURTHER ORDERED that the Petition for Writ of Habeas of Corpus is denied
14 and dismissed with prejudice.

16     DATED this 31st day of March, 2008.

*Susan R. Bolton*
Susan R. Bolton
United States District Judge